**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 31 PM 4:26

CLERK

BY _____

DEPUTY CLERK

---

THE STATE OF VERMONT,

                Plaintiff,

v.

EVERNORTH HEALTH, INC., et al.,

                Defendants.

Civil Action No. 2:24-cv-01103

---

## STIPULATED CONFIDENTIALITY ORDER

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' joint request and enters the following Confidentiality Order:

**1.    PURPOSES AND LIMITATIONS**

**1.1**    Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all Disclosure or Discovery Material. Rather, this Order applies only to the limited information or items designated in good faith as Protected Material in accordance with the provisions herein. The Parties further acknowledge that this Order does not entitle them to file any documents or information under seal; Local Civil Rule 5.2 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. Before filing a motion for leave to file Protected Material fully under seal, the Parties are to consider alternative measures to protect confidential information, such as filing a redacted document. The use and disclosure of Protected Material at trial will be determined by the Court.

**1.2**    In support of the Parties' request, they assert that protection of the identified categories of confidential information is necessary because the Action involves trade secrets and other proprietary and commercially sensitive information, such as the Parties' strategic analyses and confidential pricing information, the public disclosure of which could harm the Parties' competitiveness in the marketplace. Further, because the Parties include direct competitors, they require a means to protect certain information from disclosure to other Parties.

**1.3**    Nothing in this Order shall affect any right of a Producing Party to make any otherwise proper objection, claim, or response to discovery requests (including, without limitation, interrogatories, requests for admission, requests for production, or questions at deposition). This Order does not, however, relieve any Party of its obligations to respond to discovery in this Action.

**1.4**    Nothing in this Order shall prevent disclosure of Protected Material beyond the terms and conditions set forth herein if the Designating Party consents in writing to such disclosure.

## 2.    DEFINITIONS

**2.1**    **Action:** The word "Action" means the above-captioned action, styled as *State of Vermont v. Evernorth Health, Inc. et al.*, Civil Action No. 2:24-cv-01103-MKL.

**2.2**    **Challenging Party:** A Party or Non-Party that challenges the designation of Protected Material under this Order.

**2.3**    **"CONFIDENTIAL" Information or Items:** Disclosure or Discovery Material that a Designating Party believes in good faith to (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) contain private or confidential personal information; or (c) contain information received in confidence from third parties; or (d) that the Designating Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure or other applicable

law.

**2.4**    **Designating Party:** A Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**2.5**    **Disclosure or Discovery Material:** All non-public documents, items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

**2.6**    **Expert:** A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Outside or In-House Counsel to serve as an expert witness or as a consultant in the Action, whether testifying or not, including any such person's support staff.

**2.7**    **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:** Extremely sensitive "CONFIDENTIAL" Information or items containing information about (a) strategies for negotiating rebates and other price concessions, including current and historical rebates and other price concessions; (b) strategies for acquisition and retention of clients, including contract negotiation; (c) product development, including formulary development and other client or pharmacy directed products; (d) product pricing and marketing; (e) Protected Personal Data; (f) claim data based on drug utilization; (g) other trade secrets or other confidential information for which disclosure to another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means; and (h) such other categories of documents that the parties agree in writing prior to designation of the material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" are highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party if disclosed to

3

another Party or Non-Party. The designation of a particular category of information as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY for purposes of this Stipulated Confidentiality Order is not an admission that such information is discoverable or relevant to the subject-matter involved in the pending litigation.

**2.8    In-House Counsel:** Attorneys or non-attorney individuals responsible for management of the Action who are employees of a Party to the Action.

**2.9    Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

**2.10    Outside Counsel:** Attorneys who are not employees of a Party to the Action and their support staff who are retained to represent or advise a Party to the Action or are affiliated with a law firm that has been retained to represent or advise a Party to the Action.

**2.11    Party:** Any Party to the Action, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

**2.12    Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in the Action.

**2.13    Professional Vendors:** Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14    Protected Material:** Disclosure or Discovery Material that is designated in good faith as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by a Designating Party.

**2.15    Protected Personal Data:** Any Disclosure or Discovery Material that a Party believes in good faith requires additional protections (beyond those provided to information designated as

4

"CONFIDENTIAL" pursuant to this Order) under applicable federal, state, or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to the Gramm-Leach-Bliley Act, 15 U.S.C. §6801; the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (HIPAA); the European Union's General Data Protection Regulation, Regulation (EU) 2016/679 (GDPR); and the Danish Act on Data Protection. Protected Personal Data includes Protected Health Information, as defined in Section 2.16 of this Order. However, information designated as Protected Personal Data based on a foreign privacy requirement may be so designated only where the information in question is subject to that foreign privacy requirement.

**2.16    Protected Health Information:** "Protected Health Information" ("PHI") has the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests.

**2.17    Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined in

Section 2.14 of this Order), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, and compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside or In-House Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of (i) this Order or (ii) any other obligation of confidentiality resulting from the express written agreement of the Parties and/or their counsel, including becoming part of the public record through trial or otherwise; and (b) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. The entry of this Order does not prevent any Party from seeking a further order pursuant to Federal Rule of Civil Procedure 26(c) or any applicable state procedural rule or provision governing the terms under which disclosure may be made.

Further, nothing in this Order limits a Party's use or disclosure of its own Protected Material.

## 4.    DURATION

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; or (2) final judgment in the Action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of the Action,

including the time limits for filing any amended complaint after a dismissal without prejudice, as well as any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

**5.1    Exercise of Restraint and Good Faith in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under this Order. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify such that other portions of the material, documents, items, or communications for which designation is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order *(see, e.g.,* second paragraph of section 5.2(a) of this Order), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings) that, whenever reasonably practicable, the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page of a

7

document that contains Protected Material, or, in the case of information produced in native format, insert "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the name of the native file or produce a slip sheet containing the designation. If affixing such a legend is not reasonably practicable (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Disclosure or Discovery Material is produced.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or material it wants copied and produced, the Producing Party must determine which documents or material, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or material, the Producing Party must affix the appropriate designation ("CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") to each page that contains confidential information.

(b)     For testimony given and exhibits used in deposition or other pretrial proceedings in the Action, the Designating Party shall have up to 30 days from receipt of the final deposition transcript (complete with exhibits and video recording if applicable) to provide written notice to the court reporter and all parties identifying the specific portions of the testimony and exhibits used as to which protection is sought and to specify the level

of protection being asserted. Only those portions of the testimony and those exhibits that are appropriately designated for protection within the 30-day period shall be covered by the provisions of this Order. During this 30-day period, any recording or transcript of the testimony shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and may only be disclosed pursuant to Section 7.3 of this Order.

Upon being informed that certain portions of testimony are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the court reporter and all Parties shall immediately cause each copy of the transcript/exhibits or recording in its custody or control to be appropriately marked and limit disclosure of that transcript/exhibits or recording in accordance with the terms of this Order. If pages of transcribed testimony or exhibits to such testimony that reveal Protected Material are not separately bound by the court reporter, they may not be disclosed to anyone except as permitted under this Confidentiality Order. Counsel shall give notice to all Parties before using any Protected Material in a hearing, deposition, or other proceeding so that the other Parties can ensure that only individuals authorized under this Order to have access to the Protected Material are present before using the Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

(c)    For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored and shall designate in the cover letter referring to such information the legend "CONFIDENTIAL' or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or

portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted,

**5.3    Designation of Information Produced by Other Parties.** A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced or disclosed by any other person or entity that the Party reasonably believes qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order. If any third party produces information that it or any Party in good faith believes constitutes its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, the Party claiming confidentiality shall designate the information as such within 30 days of its production or receipt of such information. Such designation shall be made by providing written notice to all Parties of said designation. Any Party receiving information from a third party shall treat such information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" during the first 30-day period following receipt, and for the first 30 days following any additional Parties' receipt of the same documents, as to such additional Parties only, while all Parties have an opportunity to review the information and determine whether it should be designated as confidential.

**5.4    Failure to Designate.** A failure to designate Disclosure or Discovery Material as "CONFIDENTIAL' or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time of production does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material, and the Producing Party may rectify its failure to designate qualified information or items by: (1) providing written notice to counsel for all Parties to whom the information or items were disclosed that the information or items should have been designated

10

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"; and (2) providing replacement images, information and/or items to the Receiving Party containing the new confidentiality designation within 21 days of sending the notice, unless the parties agree otherwise. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time.

**6.2    Meet and Confer.** A Party that elects to challenge a confidentiality designation must do so in good faith and must first begin the process by meeting and conferring directly with the Outside Counsel of Record for the Designating Party. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging by Bates number and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must state that the challenge to confidentiality is being made in accordance with this specific Section of this Order.

The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and, if no change in designation is offered, the Designating Party must explain the basis for the chosen designation. The Designating Party shall then have 5 business days from the meet-and-confer to provide its final response in writing unless otherwise agreed to by the Parties.

A Challenging Party may proceed to the next stage of the challenge process set forth in

Section 6.3 only if it has engaged in this meet and confer process or establishes that the Designating Party has failed to respond within 5 business days to the request to meet and confer.

**6.3     Judicial Intervention.** If the Challenging Party and the Designating Party cannot resolve a challenge without court intervention, then either Party may seek relief from the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Designating Party's designation until the Court resolves the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**Basic Principles.** Unless otherwise agreed or allowed pursuant to a Court Order, Protected Material shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), or the enforcement of insurance rights with respect to the Action, and for no other purpose whatsoever. For the avoidance of doubt, the use of Protected Material and the non-public information therein is restricted to the Action and may not be used in any other proceeding unless required by Court order or agreed to by the Producing Party. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Nothing in this Order, however, impairs the right of counsel for Plaintiff to disclose to an agency of the State of Vermont any document or information regarding any potential violation of law or regulation regarding any matter within the agency's jurisdiction. For the avoidance of doubt, Protected Material may not be shared with plaintiffs in non- Action lawsuits or with other states, cities, or other municipalities unless expressly agreed to in writing by the Designating Party or authorized by this or other order of the Court.

If Protected Material is requested for disclosure under any public information act or the

equivalent, such Protected Material will be exempt and protected from disclosure, and this Order shall be deemed a court order protecting such material and prohibiting public disclosure except as otherwise provided in this Order.

**7.1    Security of Protected Material.** Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss or misuse, including, but not limited to:

(a)    Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b)    An audit trail of use and access to litigation support site(s) shall be maintained while the Action, including any appeals, is pending;

(c)    Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(d)    Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order, but nothing within this provision requires such persons to maintain such Protected Material in

an individually locked office;

(e)     Summaries of Protected Material, including any lists, memoranda, indices or compilations prepared or based on an examination of Protected Material that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(f)     If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized patties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

(g)     If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 24 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

(h)     Any Protected Health Information shall be deemed "CONFIDENTIAL"

and, as such, subject to the terms of this Confidentiality Order. Any person who receives and stores PHI in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Action. PHI will be securely returned or destroyed pursuant to the provisions of Section 14 of this Order.

(i)     No Protected Material, including excerpts from Protected Material, may be inputted into any public, non-compartmentalized generative artificial intelligence system (e.g. ChatGPT, Google Bard, etc.).

**7.2     Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel in the Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for the Action;

(b)     experts and consultants and their staff retained to assist the Parties in the conduct of the Action, so long as such person(s) has executed a copy of the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A;**

(c)     the Court and its personnel, as well as any Special Master appointed by the Court, and his/her personnel;

(d)     the Attorney General of Vermont, along with the attorneys and staff employed by the Attorney General's Office to whom disclosure is reasonably necessary for the Action;

(e)     persons or entities that provide litigation support services retained by a Party or a Party's Outside Counsel, including, law firms or attorneys performing solely document review, court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors, to whom disclosure is reasonably necessary for the Action, so long as such person has executed a copy of the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A;**

(f)     during their depositions or while testifying during other pre-trial proceedings, witnesses in the Action, provided that the witness signs the "Acknowledgment and Agreement to be Bound" attached as **Exhibit A,** or agrees on the record to be bound by the provisions of this Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who: (1) possessed, knew, or were aware of the information; or had responsibilities regarding, or were involved in the content or subject matter discussed in the document;

(h)     any mediators or other mutually agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum so long as such person has executed a copy of the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A;**

(i)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party who are required to participate in decisions with reference to this Action or are persons necessary for the prosecution or defense of this Action; and

(j)     any other person to whom the Designating Party agrees in writing disclosure may be made, provided such person has signed the "Acknowledgement and Agreement to

Be Bound" attached as **Exhibit A.**

The Parties shall meet and confer regarding the disclosure of CONFIDENTIAL Protected Material to any person who does not fall within subsections (a) through (j) of this Section. If agreement is not reached, nothing in this Order prevents a Party from making an application to the Court to show the individual the Protected Material.

**7.3    Disclosure    of    "HIGHLY    CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel in the Action, as well as employees of said Outside Counsel, to whom it is reasonably necessary to disclose the information for the Action;

(b)    experts and consultants and their staff retained to assist the Parties in the conduct of the Action so long as such person has executed a copy of the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A;**

(c)    the Court and its personnel, as well as any Special Master appointed by the Court, and his/her personnel;

(d)    the Attorney General of Vermont, along with the attorneys and staff employed by the Attorney General's Office to whom disclosure is reasonably necessary for the Action, provided that those attorneys who are not counsel of record and staff are not involved in bid procurement negotiations relating to pharmacy benefit managers or pharmacy benefit services;

(e)    persons or entities that provide litigation support services retained by a Party

or a Party's Outside Counsel including law firms or attorneys performing solely document review, court reporters and their staff, professional jury or trial consultants, and Professional Vendors, as well as their employees and subcontractors to whom disclosure is reasonably necessary for the Action so long as such person has executed a copy of the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A;**

(f)      any mediators or other mutually agreed upon or court-appointed person responsible for resolving the Action in a non-judicial forum so long as such person has executed a copy of the "Acknowledgment and Agreement to Be Bound," attached as **Exhibit A;**

(g)      Two designated in-house litigation counsel from each set of Defendants (Caremark and Express Scripts) who are 1) assisting in the prosecution or defense of this Proceeding, and 2) whose job responsibilities are focused on litigation management, and 3) who are not involved with competitive decision-making (which includes but is not limited to: advising or participating in pricing, product design, marketing, strategic planning, or other decisions made in light of similar or corresponding information about a competitor), subject to the following:

   i.   Material designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed to in-house counsel unless and until such person has executed a declaration in the form attached hereto as Exhibit B; and

   ii.  The Parties shall take all necessary steps required to segregate any files or materials thereof containing Highly Confidential – Attorneys' Eyes Only information in a manner that protects the information from disclosure,

whether intentional or inadvertent, to any individual and/or entity not designated in this Order as having access to Highly Confidential – Attorneys' Eyes Only Information, including but not limited to all other employees and in-house counsel of Defendants.

iii. The following individuals will be the designated in-house counsel:

    1. Caremark: Andrea Zollett and Kevin Blake;

    2. Express Scripts: Adam Fuemmeler and Eric Taubitz

iv. Additional in-house counsel may be added should the Parties agree in writing and should provisions i. and ii. of this subsection be met.

(h)    the author or recipient of a document containing the information;

(i)    during their depositions or while testifying during other pre-trial proceedings in this Action, witnesses in the Action to whom disclosure is reasonably necessary, provided that the witness signs the "Acknowledgment and Agreement to be Bound" attached as **Exhibit A,** or agrees on the record to be bound by the provisions of this Order; and

(j)    any other person to whom the Designating Party agrees in writing disclosure may be made, provided such person has signed the "Acknowledgement and Agreement to Be Bound" attached as **Exhibit A.**

The Parties shall meet and confer regarding the disclosure of HIGHLY CONFIDENTIAL Protected Material to any person who does not fall within subsections (a) through (j) of this Section. If agreement is not reached, nothing in this Order prevents a Party from making a motion to the Court to show the individual the Protected Material.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER MATTERS

If a Party is served with a subpoena or court order issued in litigation or investigations besides the Action or any other process by any administrative agency, legislative body or any person or entity that compels or requests disclosure of Protected Material, that Party must:

      (a)    notify the Designating Party in writing of the subpoena, order, or process; the notification shall be made as promptly as the particular circumstances require to permit the Designating Party to take actions required to prevent disclosure;

      (b)    promptly notify in writing the entity who caused the subpoena, order, or process to issue in the other proceeding that some or all of the material covered by the subpoena, order, or process is subject to this Order. Such notification shall include a copy of this Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or process shall not produce any information designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by a court with jurisdiction to issue a protective order unless the Party has obtained the Designating Party's permission to produce such information. The Designating Party shall bear the burden and its own expense of seeking protection in that court or other forum of its Protected Material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a directive or order from another court.

## 9.    APPLICABILITY OF THIS ORDER TO NON-PARTIES

      (a)    The terms of this Order are applicable to a Non-Party's Protected Material.

Non-Parties may designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in which case the Parties will treat such information in accordance with the corresponding protections afforded by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     The Party issuing any subpoena on any Non-Party in this Action shall include with any such subpoena a copy of this Order.

(c)     In the event that a Producing Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Producing Party must initiate any notice or other procedure required under its agreement with the Non-Party within 14 days from the time the Producing Party discovers that Non-Party confidential information is responsive, provide the Non-Party with a copy of this Order, and seek the Non-Party's consent to the disclosure. If such permission (where required) is not given within fourteen (14) days of providing notice or initiating such other procedure, then the parties shall meet and confer in good faith to resolve any concerns over the production of information. If the parties are unable to resolve any such concerns, the parties shall advise the Court by way of joint letter by no later than 14 days from the parties' meet and confer with notice provided to the Non-Party.

## 10.    INADVERTENT DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the disclosures; (b) use its best efforts

to retrieve all copies of the Protected Material; (c) make all reasonable efforts to prevent further disclosure by each person who received such information; (d) inform the person or persons to whom disclosures were made, to the extent the person or persons are identifiable, of all terms of this Order; and (e) make all reasonable efforts to obtain such person(s)' execution of the "Acknowledgment and Agreement to Be Bound'' attached as **Exhibit A.**

## 11.    NON-WAIVER OF PRIVILEGE

This Order shall not be construed as a waiver by any Party of any applicable privilege to withhold production of Discovery Material, or of any right which any Party may have to assert such privilege at any stage of the litigation of this Action. The production of any Discovery Material shall also not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the Producing Party either in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Disclosure or Discovery Material under this Stipulated Confidentiality Order. The fact of production of privileged information or documents by any Producing Party in this Action shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Stipulated Confidentiality Order shall not affect the Parties' legal rights to assert privilege or other protection claims over documents in any other proceeding. When the production or disclosure of any Discovery Material protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the Producing Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(3)(B). That treatment shall be deemed to comply with any obligations the Producing Party would otherwise have had pursuant

to Fed. R. Evid. 502(6) or under the common law. Nothing herein will prevent a Receiving Party from challenging the propriety of a privilege assertion by submitting a challenge to the Court consistent with applicable law, although the privileged materials themselves cannot be used or disclosed as part of such a challenge unless such disclosure is ordered by the Court.

## 12.    MISCELLANEOUS

**12.1    Right to Further Relief.** Nothing in this Order abridges the right of any interested party to seek its modification by the Court in the future. This Order may be modified by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**12.2    No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" are found by the Court to be so, unless and until such time as the Court may rule on a specific document or issue.

**12.3    Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground or to use in evidence any of the material covered by this Order.

**12.4    Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. A Party must file under seal any Protected Material in

23

compliance with Local Civil Rule 5.2. The burden of persuasion, however, remains with the Designating Party.

**12.5    Protected Health Information.** The Parties agree that any Protected Health Information will not be used or disclosed for any purposes other than the Action for which such information was requested. All Protected Health Information shall either:

      (1)    be returned to the Producing Party, or

      (2)    at the option of the Producing Party, be destroyed.

All Parties shall, upon request of the Producing Party make certification of compliance with this Section and shall deliver the same to the Producing Party not more than 45 days after the final disposition of the Action, as defined in Section 4. This provision is, and shall be construed as, satisfying the requirements for a Qualified Protective Order under 45 CFR § 164.512(e)(l)(v).

**13.    REPRODUCTIONS**

Notwithstanding any provisions to the contrary, documents and discovery material that were produced in the Action prior to the entry of this Order, or documents and discovery material produced in other litigation, arbitrations, governmental inquiries, or any other matters, including regulatory processes (collectively, "Other Productions") may be reproduced in this Action with the same confidentiality designations as originally produced. This provision does not limit the right of a Party to challenge any confidentiality designations from such Other Productions.

**14.    FINAL DISPOSITION**

Upon final disposition of the Action, as defined in Section 4, any Protected Material received by the State Plaintiff and subject to the State's record retention laws and/or policies shall be destroyed in accordance with those laws and/or policies, with confidentiality maintained in the interim, as applicable. If the Protected Material is not subject to State record retention laws and/or

policies, the State Plaintiff must either: (1) return the Protected Material to the Producing Party no later than 60 days after final disposition if in tangible document form; or (2) destroy the Protected Material no later than 60 days after final disposition, with confidentiality maintained in the interim, as applicable. For the avoidance of doubt, Section 12.5 governs the Parties' obligation to return or destroy Protected Health Information after the final disposition of the Action.

Otherwise, within 60 days after the final disposition of the Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, on request of the Producing Party, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside and In-House Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

The obligations imposed by the Confidentiality Order will survive the termination of this Action. This Court will retain jurisdiction to enforce the terms of this Order following the final disposition of the Action.

**PURSUANT TO THE PARTIES' STIPULATED ORDER, IT IS SO ORDERED.**

Dated: July 31, 2025

Hon. Mary Kay Lanthier